UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILLIAM R. ABBOTT**              :        **DOCKET NO. 21-cv-03890**

**VERSUS**                         :        **JUDGE JAMES D. CAIN, JR.**

**US BUREAU OF PRISONS, ET AL**    :        **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the amended civil rights complaint [doc. 6] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff William R. Abbott, who is proceeding *pro se* and *in forma pauperis* in this matter. Abbott is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Center in Oakdale, Louisiana (FCIO).

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED,** and the matter be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Plaintiff has filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), alleging unconstitutional administrative procedures at FCIO, where "(1) Federal Prison Oakdale Administration evaded incorporation of CDC guidelines into BOP Program Statement 50.50.50 Section 3; (2) BOP Covid-19 compassionate release policy disqualified sex offenders from eligibility; (3) Federal Prison Oakdale staff knowingly and wantingly [sic] withheld forwarding a compassionate release petition to the Warden's office." Doc. 6, p. 4. In sum, plaintiff challenges the denial of his request for compassionate release.

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

Abbott's complaint is subject to screening under 28 U.S.C. § 1915A of the Prison Litigation Reform Act of 1996, which directs the Court to conduct an initial review of a civil action by a prisoner seeking relief from a governmental entity or employee, in order to identify cognizable claims or dismiss the complaint if satisfied that it is frivolous or malicious. 28 U.S.C. 1915A(b)(1). This requirement applies to all prisoner litigants, whether they are proceeding in forma pauperis, or not. A claim may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may, if feasible, be made prior to docketing; therefore, such claims are dismissible *sua sponte* prior to service even though Plaintiff pays the appropriate fee, under Section 1915AB.

#### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[1] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

---

[1] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

Abbott challenges his denial for compassionate release, due to his status as a sex offender.

This Court lacks jurisdiction to grant compassionate release under 18 U.S.C. § 3582(c), where the BOP director has not filed a motion requesting a modification of sentence. *Strunk v. Restro*, No. 3:16-CV-1470-L-BK, 2016 U.S. Dist. LEXIS 180299, *3 (N.D. Tex. Nov. 18, 2016). Under that section only the BOP Director has the discretion to ask a court to reduce a term of imprisonment if it is determined that extraordinary and compelling reasons warrant such a reduction. *Id. (*citing *Engle v. United States,* 26 Fed. App'x 394, 397 (6th Cir. 2001) (district court lacks jurisdiction to sua sponte grant compassionate release to federal prisoner where the BOP Director has not filed a motion requesting a modification of sentence)). Accordingly, to the extent that plaintiff requests compassionate release, his claim should be dismissed for want of jurisdiction.

To the extent Abbott brings an equal protection and/or due process claim against the defendants for denying sex offenders' petitions for compassionate release, there is no cause of action for such claim.  Plaintiff's claims are brought pursuant to *Bivens v. Six Unknown Fed. Agents*, 91 S. Ct. 1999 (1971), which implied a private right of action for allegations of constitutional violations made against federal employees. In *Bivens*, the Supreme Court created an implied cause of action based on a Fourth Amendment violation.  *Bivens*, 91 S.Ct. 2005.  The Court subsequently found the *Bivens* remedy available for violations of an individual's rights under an equal protection component of the Fifth Amendment Due Process Clause and for deliberate indifference to a serious medical condition under the Eighth Amendment. *See Davis v. Passman*,

99 S. Ct. 2264 (1979); *Carlson v. Green*, 100 S. Ct. 1468 (1980). "These three cases—*Bivens, Davis, and Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

Plaintiff's claim that defendants violated equal protection arises in a new context and thus, there is no cause of action available pursuant to *Bivens*. See *Brown v. Cooper*, No. 18-219, 2018 U.S. Dist. LEXIS 218544, *33-34 (D. Minn. Dec. 11, 2018). In *Davis*, the Supreme Court recognized a *Bivens* remedy for a Fifth Amendment equal protection claim, but that case involved discrimination in an employment setting, not a correctional setting. While the claims may have some parallels, "even a modest extension is still an extension." *Id. (citing Ziglar*, 137 S. Ct. at 1864). Prisoner civil rights litigation, moreover, is heavily regulated by Congress, counseling hesitation in the expansion of remedies available to prisoners. *Id.* at *34 *(citing Woodford v. Ngo*, 126 S.Ct. 2378, 2389 (2006) (explaining that the PLRA was "intended to deal with what was perceived as a disruptive tide of frivolous prisoner litigation"); *Alexander v. Ortiz*, Civil Action No. 15-6981, 2018 U.S. Dist. LEXIS 45329, 2018 WL 1399302, at *8 (D.N.J. Mar. 20, 2018) ("Because the prison workplace is an area that is heavily regulated by the legislative and executive branches, and because it is not regarded as an employer/employee relationship, the Court finds that it should be left to those branches to determine whether an action for damages for claims of racial discrimination and retaliation exists.")).

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the complaint be **DENIED,** and the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that any pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 7th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE